UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LOGAN MICHAEL OSBORN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KEVIN GILMORE, )<br>RICHARD BROWN, )<br>A. BOURLARD, )<br>D. SMITH, )<br>)<br>Defendants. ) | No. 2:20-cv-00398-JPH-MJD |

**Order Granting Motion to Proceed *In Forma Pauperis*, Screening Complaint, Dismissing Insufficient Claims, and Directing Service of Process**

Plaintiff Logan Osborn, an inmate at Wabash Valley Correctional Facility (WVCF), filed this action pursuant to 42 U.S.C. § 1983. Because Mr. Osborn is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

### I. Motion to Proceed *In Forma Pauperis*

Mr. Osborn's motion to proceed *in forma pauperis,* dkt. [2], is **granted**. Although Mr. Osborn is excused from *pre*-paying the full filing fee, he still must pay the three hundred and fifty dollar ($350.00) filing fee pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2) when able. *See* 28 U.S.C. § 1915(b)(1) ("the prisoner shall be required to pay the full amount of a filing fee.").

The assessment of even an initial partial filing fee is waived because Mr. Osborn has no assets and no means by which to pay a partial filing fee. 28 U.S.C. § 1915(b)(4). Accordingly, no initial partial filing fee is due at this time.

## II. Screening Standard

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## III. The Complaint

The complaint names four defendants: (1) Kevin Gilmore; (2) Richard Brown; (3) A. Bourlard; and (4) D. Smith.

Mr. Osborn alleges that on May 24, 2020, Officer Smith came by Mr. Osborn's cell because Mr. Osborn had covered his cell window with a piece of paper. Officer Smith said, "Take that off your window, fag." Dkt. 1 at 2. Mr. Osborn did, but he later covered his window with paper again so he could use the restroom. Officer Smith again told him to remove it, and Mr. Osborn said he was using the bathroom. Officer Smith threatened to spray Mr. Osborn and "come in and fuck [him] up." *Id.* Mr. Osborn asked to be respectful to one another and talk through the issue like men. Officer Smith said, "I'll show you what respect is." *Id.*

Officer Smith left and returned with Sergeant Bourlard. Sergeant Bourlard came to Mr. Osborn's cell, where the window was uncovered, and told Mr. Osborn to cuff up because he was going to the strip cell. Mr. Osborn again asked to talk through the issue. Sergeant Bourlard said he "doesn't negotiate with snitches" and would "come in and treat [him] like the bitch [he is]" by destroying his property. *Id.* at 3. While Mr. Osborn was at the cell door speaking with Sergeant Bourland, Sergeant Bourlard reached into the cell and sprayed Mr. Osborn with a chemical agent. He walked away, and Officer Smith remarked, "I hope you like your trays from now on, snitch." *Id.* Sergeant Bourlard returned and said, "You want some more, bitch?" and, without warning, sprayed Mr. Osborn again. Mr. Osborn was then cuffed and taken to see a nurse and then to the showers. The officers went to Mr. Osborn's cell, took his property and threw water on it, and left without decontaminating his cell of the chemical agents. Mr. Osborn was escorted back to his cell and told to clean it up himself.

Since then, he has had multiple similar incidents with the same officers. Mr. Osborn has advised the "people in charge" and was told to "deal with it. This is prison." *Id.* at 4.

Mr. Osborn seeks $50,000. He also asks to be transferred to another prison, for the officers involved to be disciplined, and for them to receive problem-solving training.

### IV.   Discussion of Claims

Mr. Osborn's Eighth Amendment excessive force claims **shall proceed** against Officer Smith and Sergeant Bourlard. Because Mr. Osborn indicates that these officers used excessive force to retaliate against him for being a snitch, a First Amendment retaliation claim **shall proceed** against Officer Smith and Sergeant Bourlard.

Although Mr. Osborn names Kevin Gilmore and Richard Brown as defendants, he makes no factual allegations against them beyond a vague assertion that he has advised "the people in

3

charge" that he was experiencing problems with these officers. "Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation and citation omitted). Because Mr. Osborn has made no allegations against Kevin Gilmore or Richard Brown, any claims against them are **dismissed for failure to state a claim upon which relief may be granted**.

These are the viable claims identified by the Court. If Mr. Osborn seeks to add any claims or defendants, he must file an amended complaint that includes *all claims* by **September 3, 2020**. That is because an amended complaint replaces the original complaint. If Mr. Osborn chooses to file an amended complaint, it must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide each defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what harm Mr. Osborn has suffered and which persons are responsible for the harm. The amended complaint must have the proper case number, No. 2:20-cv-00398-JPH-MJD, and the words "Amended Complaint" on the first page.

## V.   Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to **issue process** to defendants Officer D. Smith and Sergeant A. Bourlard in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order. The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

The **clerk is directed** to terminate Kevin Gilmore and Richard Brown as defendants on the docket.

**SO ORDERED.**

Date: 8/7/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

LOGAN MICHAEL OSBORN
228853
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Electronic Service to IDOC Employees at Wabash Valley Correctional Facility:
Officer D. Smith
Sergeant A. Boulard