UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LOGAN MICHAEL OSBORN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00398-JPH-MJD |
| ) | |
| A. BOURLARD, ) | |
| D. SMITH, ) | |
| ) | |
| Defendants. ) | |

**Order Denying Motions for Protective Order**

In this civil rights action, Plaintiff Logan Osborn alleges that the defendants used excessive force against him and that their force was retaliatory. Before the defendants filed their answer, Mr. Osborn filed two motions for protective order. The first motion, dkt. [8], says he requests "a 'protective order' against defendants, A. Bourlard and D. Smith, for fear of retaliation, which is a valid request due to the fact that similar situations have occurred since with the same officers." The second motion, dkt. [13], elaborates on the first, stating, "I continue to get threatened, tampering with my food, denied showers and medical/mental health help. My rights to live in a safe, secure, clean environment is blatantly violated through this retaliation."

The Court construes these filings as motions for a preliminary injunction. "A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). "To survive the threshold phase, a party seeking a preliminary injunction must satisfy three requirements." *Valencia v. City of Springfield, Ill.*, 883 F.3d 959, 966 (7th Cir. 2018) (internal quotations omitted). The movant must show that: (1) "absent a preliminary injunction, it will suffer irreparable harm in the interim period prior to final resolution of its claims"; (2) "traditional legal remedies would be inadequate";

and (3) "its claim has some likelihood of succeeding on the merits." *Id*. Only if the moving party meets these threshold requirements does the court then proceed to the balancing phase of the analysis. *Id*. In the balancing phase, "the court weighs the irreparable harm that the moving party would endure without the protection of the preliminary injunction against any irreparable harm the nonmoving party would suffer if the court were to grant the requested relief." *Id*. Additionally, the Prison Litigation Reform Act states that a preliminary injunction in a civil rights lawsuit brought by a prisoner "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

Mr. Osborn provides no evidence or legal argument to support his motions for a preliminary injunction. By failing to present sufficient evidentiary support or legal argument, Mr. Osborn has failed to show that he has a reasonable likelihood of success on the merits of his claims, and he therefore has failed to meet his threshold burden to show his entitlement to preliminary relief. Accordingly, his motions for a protective order, construed as motions for preliminary injunction, dkts. [8] and [13], are **denied without prejudice**. Mr. Osborn may renew his motion if he can provide more detail and evidentiary support – including through his own testimony – of his claims.

**SO ORDERED.**

Date: 10/7/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

LOGAN MICHAEL OSBORN
228853
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Cameron S. Huffman
INDIANA ATTORNEY GENERAL
cameron.huffman@atg.in.gov

Archer Riddick Randall Rose
INDIANA ATTORNEY GENERAL
archer.rose@atg.in.gov